## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Honorable Howard R. Tallman

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **ALEXANDER DON DUNHILL and** | ) | **Case No. 11-12052 HRT** |
| **ASHLEE NICOLE DUNHILL,** | ) | |
| **Debtors.** | ) | **Chapter 7** |

### <u>ORDER ON MOTION TO REOPEN</u>

This case comes before the Court on Debtors' *Motion to Reopen Case* (docket #14) (the "Motion").

The Debtors in this no-asset chapter 7 case have received their discharges and the case was closed on July 25, 2011.  They seek to reopen their case to add omitted pre-petition creditors.  It is not necessary to reopen the case.  All of the Debtors' pre-petition debts that are "not of a kind specified in paragraph (2), (4), or (6) of [11 U.S.C. § 523(a)]" have been discharged in their chapter 7 bankruptcy case regardless of whether they were listed in the Debtors' bankruptcy schedules.  11 U.S.C. § 523(a)(3)(A).

In the case of *In re Parker*, 264 B.R. 685 (B.A.P. 10th Cir. 2001), *aff'd*, 313 F.3d 1267 (10th Cir. 2002), the Bankruptcy Appellate Panel for the Tenth Circuit explained:

> Pursuant to § 727(b), the Debtor receives a discharge from all debts that arose before the date of the order for relief under Chapter 7, regardless of whether a proof of claim based on any such debt or liability is filed, unless an exception in 523(a) applies.  Under § 523(a)(3)(A), a claim will not be discharged if it was neither listed nor scheduled and the creditor did not have notice or actual knowledge of the case so that the creditor could timely file a claim.  Here the bankruptcy court correctly found that *§ 523(a)(3)(A) does not apply because the Debtor's Chapter 7 case was a no asset case with no claims bar date set*; therefore, [the creditor] suffered no prejudice because [it] will have an opportunity to file a claim if any assets are discovered.  Because § 523(a)(3)(A) does not apply, unless [the creditor] can establish that the claim was nondischargeable under one of the exceptions referenced in § 523(a)(3)(B), [its] Claim was discharged by operation of law under § 727(b).  We conclude that . . . it was unnecessary to reopen the Debtor's Chapter 7 case for the purpose of making that determination.

*Id*. at 694-95 (emphasis added).

The key point is that this is a no-asset case and creditors were never notified to file proofs of claim.  The predicate to a finding of nondischargeability under § 523(a)(3)(A) is a creditor's right to file a proof of claim and participate in a distribution of assets.  Where the claims

ORDER ON MOTION TO REOPEN
Case No. 11-12052 HRT

involved are *not* of a kind specified in paragraph § 523(a)(2), (4), or (6), a pre-petition creditor is only prejudiced by not being listed on a debtor's schedules and having no notice of the bankruptcy filing if there are assets to distribute and the creditor has been denied the opportunity to share in that distribution.  Absent that prejudice, nondischargeability under § 523(a)(3)(A) is never triggered.

Of course, in a case where the trustee did administer assets, reopening the case and listing omitted creditors would be a futile gesture.  In an asset case, nondischargeability under § 523(a)(3)(A) has become an accomplished fact by the time the assets have been administered and the case closed because the omitted creditors have already been prejudiced.  The same can be said of creditors whose claims are nondischargeable under § 523(a)(3)(B).  That subsection addresses debts that are "of a kind specified in paragraph (2), (4), or (6) of [§ 523(a)]."  By the time of case closure, the affected creditor has missed its opportunity to file a complaint under §§ 523(a)(2), (4) or (6) in the bankruptcy court.[1]

Therefore, it is

**ORDERED** that Debtors' *Motion to Reopen Case* (docket #14) is DENIED.  It is further

**ORDERED** that the Clerk is directed to refund any fee tendered by the Debtors for the reopening of their bankruptcy case.

Dated this  11th  day of July, 2012.

**BY THE COURT:**

*Howard Tallman*

Howard R. Tallman, Chief Judge
United States Bankruptcy Court

---

[1] Questions about the dischargeability of unlisted pre-petition debts typically arise in the context of a state court collection action.  State courts have concurrent jurisdiction with the bankruptcy courts under §§ 523(a)(3)(A) or (B) to determine whether an unscheduled debt was discharged in the debtor's bankruptcy proceeding.  *See, e.g., In re Mitchell*, 418 B.R. 282, 286-87 (B.A.P. 8th Cir. 2009); *In re Scantling*, 465 B.R. 671, 679 (Bankr. M.D. Fla. 2012); *Van Sickle v. Hallmark & Associates, Inc.*, 744 N.W.2d 532, 538-39 (N.D. 2008); *McCutcheon v. McCutcheon*, 308 S.W.3d 635, 638 (Ark. Ct. App. 2009); *Neal v. Oak Brook Management Corp.*, 867 N.E.2d 1229, 1231-32 (Ill. Ct. App. 2007).